Filed 8/26/13  P. v. Roleder CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JACOB JOHN ROLEDER,<br><br>    Defendant and Appellant. | C072524<br><br>(Super. Ct. No. NCR72455) |

Defendant pleaded guilty to one count of inflicting corporal injury on a cohabitant, a felony, in violation of Penal Code[1] section 273.5, subdivision (a) and received probation.  When he ultimately violated probation and was sentenced, the trial court imposed "the midterm of four years."

Defendant contends, and the People concede, that the trial court considered an incorrect sentencing triad for defendant's crime when it imposed a midterm sentence of four years in prison for a violation of section 273.5, subdivision (a).  We agree and shall remand the matter for resentencing.

---

[1] Further undesignated statutory references are to the Penal Code.

1

Section 273.5, subdivision (a) provides that the punishment for infliction of felony corporal injury on a cohabitant shall be punished by imprisonment for two, three or four years. The written change of plea agreement and the court's oral advisement at the time of defendant's plea both correctly informed defendant that the *maximum* penalty for the offense of conviction was four years in prison.

During proceedings related to defendant's alleged probation violations, the court several times expressed its belief that the maximum possible sentence to which defendant was exposed by virtue of his conviction was five years. This was not correct. When it ultimately revoked defendant's probation and was preparing to sentence him to prison, the court said, "I have difficulty in deciding whether it should be the mitigated term or the midterm" and, after further discussion, announced it had "selected the midterm of four years."

Because the record reflects that the trial court either misunderstood the scope of its sentencing discretion, or failed to exercise its discretion, it abused its discretion when sentencing defendant. (§ 1170, subd. (b); see *People v. Sandoval* (2007) 41 Cal.4th 825, 847-848.) We must remand the case for resentencing, at which time the trial court must consider the appropriate triad, make its sentence choice, and place its statement of reasons on the record. (§ 1170, subd. (b).)

## DISPOSITION

The judgment is reversed and the matter is remanded for resentencing in accordance with this opinion.

                                        DUARTE          , J.

We concur:

        MAURO          , Acting P. J.


        MURRAY          , J.

2